UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>Plaintiff,<br><br>v.<br><br>**REGIONAL ADJUSTMENT BUREAU, INC.,**<br>a corporation,<br><br>Defendant. | Case No. 14-2522<br><br>**COMPLAINT FOR CIVIL PENALTIES, INJUNCTIVE RELIEF, AND OTHER RELIEF** |

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General, by the Federal Trade Commission ("Commission"), by its undersigned attorneys, for its Complaint alleges:

1. Plaintiff brings this action under Sections 5(a), 5(m)(1)(A), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 56(a), and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, to obtain monetary civil penalties, a permanent injunction, restitution, disgorgement of ill-gotten monies, and other equitable relief for Defendant's acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and in violation of the FDCPA.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and under 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), 57b, and 1692*l*.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), (c)(1), and (d), and 15 U.S.C. § 53(b).

## PLAINTIFF

4. This action is brought by the United States of America on behalf of the Federal Trade Commission. The FTC is an independent agency of the United States government created by statute. 15 U.S.C. §§ 41-58. The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. The FTC also enforces the FDCPA, 15 U.S.C. §§ 1692-1692p, which imposes duties upon debt collectors.

## DEFENDANT

5. Defendant Regional Adjustment Bureau, Inc. ("RAB") is a Tennessee corporation with its principal place of business located at 1900 Charles Bryan, Suite 110, Memphis, TN 38016. At all times material to this Complaint, acting alone or in concert with others, RAB has transacted business in this district and throughout the United States.

6. RAB is a "debt collector" as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

## DEFINITIONS

7. The term "consumer," as used in this Complaint means any natural person obligated or allegedly obligated to pay any debt, as "debt" is defined in Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

8. The term "location information," as used in this Complaint means a consumer's place of abode and the consumer's telephone number at such place, or the consumer's place of employment, as defined in Section 803(7) of the FDCPA, 15 U.S.C. § 1692a(7).

## COMMERCE

9. At all times material to this Complaint, Defendant has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANT'S BUSINESS ACTIVITIES

10. Defendant RAB engages in consumer debt collection activities throughout the United States. Defendant RAB makes approximately 10,000 to 15,000 debt collection calls per day. On a yearly basis, Defendant RAB collects or attempts to collect approximately 900,000 to 1 million consumer accounts.

11. Defendant RAB's consumer accounts are assigned to RAB by the creditors of consumers on a contingency-fee basis.

12. Defendant RAB regularly attempts to collect debts by contacting consumers by telephone, U.S. mail, and other instrumentalities of interstate commerce.

13. In numerous instances, Defendant RAB uses false or deceptive means to collect or attempt to collect debts, including but not limited to, falsely claiming that persons owe debts that they do not owe. In numerous instances, when Defendant RAB calls a person to collect a debt, the person tells Defendant that they are not the individual who owes the debt that Defendant is attempting to collect. For example, persons inform Defendant that they do not have the same name, social security number, or residential address as the consumer, and that they are therefore not the consumer that RAB is trying to reach. In numerous instances, despite being so informed, Defendant RAB continues to call these persons frequently in an attempt to collect the debts. In numerous of these instances, Defendant RAB does so without obtaining new or additional

information bearing on whether placing additional calls to that telephone number will result in reaching the consumer Defendant is trying to reach.

14. In numerous instances, Defendant RAB's collectors withdraw funds from consumers' bank accounts without obtaining consumers' express informed consent for such withdrawals. For example, in some instances, after consumers have provided RAB's collectors with authorization to withdraw a certain amount at a certain time, collectors later withdraw additional amounts without authorization from the consumer.

15. In numerous instances, Defendant RAB telephones persons other than the consumers more than once for the purpose of acquiring location information for consumers, even though: (i) the persons have not requested additional calls; and (ii) it is not reasonable for Defendant to believe that the person's previous denial of knowledge of the consumer or the consumer's location was erroneous or incomplete or that the person subsequently obtained correct or complete location information.

16. In numerous instances, Defendant RAB calls consumers at their place of employment, even though Defendant knows or should know that it is either inconvenient for the consumer to receive calls at work, or that the consumer's employer prohibits the consumer from receiving personal telephone calls at work.

17. In numerous instances, Defendant RAB discloses the existence of consumers' debt to third parties, including, but not limited to, consumers' relatives, neighbors, employers, and co-workers.

18. In numerous instances, Defendant RAB leaves messages on the voice mail,

answering machine, or messaging service of persons, in which Defendant divulges that: (1) they are a debt collector, are attempting to collect a debt, or that the consumer owes a debt; and (2) the name of the consumer.  For example, in numerous instances, Defendant RAB has left such messages for consumers even though the voice mail, answering machine, or messaging service greeting was for a general business line, including general phone lines belonging to hotels and other businesses, or for shared residential lines that indicate that multiple persons may receive messages at the number reached by the collector.  In addition, in numerous instances, Defendant RAB has left such messages for consumers even though the voicemail, answering machine, or messaging service greeting either does not give the name of any person (*e.g.*, "You have reached 867-5309.  Please leave a message.") or announces that the voicemail, answering machine, or messaging service is for a person other than the consumer whom Defendant is trying to reach.  In many instances, persons other than the consumers hear the message, thereby disclosing consumers' alleged debts to persons other than the consumers without the prior consent of the consumers.

19. In numerous instances, Defendant RAB communicates with third parties for purposes other than to obtain location information, without consumers' consent, express permission from a court of competent jurisdiction, or as reasonably necessary to effectuate post judgment judicial remedies.  For example, in numerous of these instances, Defendant RAB asks third parties to relay messages to consumers on behalf of the collector.  These messages request the third party to tell the consumer to call the collector.  In numerous instances, the collectors already have the consumer's location information and do not have the consumer's authorization to communicate with third parties in connection with the collection of the consumer's debt.

20.     In numerous instances, Defendant RAB continues to call consumers and demand payment after receiving written demand from consumers to cease communications.

21.     In numerous instances, Defendant RAB calls persons repeatedly or continuously with the intent to annoy, harass, or abuse.  For example, Defendant RAB:  (i) continues to call even after persons tell them either orally or in writing to stop; (ii) calls multiple times per day or frequently over an extended period of time (for example, calling some persons up to 5 to 6 times per day or more); (iii) calls at the person's places of employment, even though the collectors know or should know that it is inconvenient for them to receive calls there; and (iv) repeatedly calls third parties who have no information concerning the consumer and, in some instances, threatens to continue to call these third parties until consumers have paid the debt.

## VIOLATIONS OF THE FTC ACT

22.     Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

23.     Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

## COUNT I

### Unsubstantiated Representations about Owing a Debt

24.     In numerous instances, through the means described in Paragraph 13, during telephone calls to consumers who previously had told Defendant that they did not owe the debt that Defendant was attempting to collect, Defendant has represented, directly or indirectly, expressly or by implication, that the consumers owe the debt.

25.     In truth and in fact, in numerous instances, Defendant has not had a reasonable

basis for the representations described in Paragraph 24 at the time the representations were made.

26. Therefore, the making of the representations set forth in Paragraph 24 constitutes a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT II

Unfair Practices-Unauthorized Withdrawals from Consumers' Accounts

27. In numerous instances, through the means described in Paragraph 14, in connection with the collection of debts, Defendant withdraws funds from consumers' bank accounts without obtaining consumers' express informed consent.

28. Defendant's actions cause or are likely to cause substantial injury to consumers that consumers cannot reasonably avoid themselves and that is not outweighed by countervailing benefits to consumers or competition.

29. Therefore, Defendant's practices alleged in Paragraph 27 above constitute unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. §§ 45(a) and 45(n).

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. In 1977, Congress passed the FDCPA, 15 U.S.C. §§ 1692-1692p, which became effective on March 20, 1978, and has been in force since that date. Section 814 of the FDCPA, 15 U.S.C. § 1692*l*, authorizes the Commission to use all of its functions and powers under the FTC Act, to enforce compliance with the FDCPA by any debt collector, irrespective of whether that debt collector is engaged in commerce or meets any other jurisdictional tests set by the FTC Act. The authority of the Commission in this regard includes the power to enforce the provisions of the FDCPA in the same manner as if the violations of the FDCPA were violations of a Federal Trade Commission trade regulation rule.

## COUNT III

False or Misleading Representations

31.     Section 807(10) of the FDCPA, 15 U.S.C. § 1692e(10), prohibits debt collectors from using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

32.     In numerous instances, in connection with the collection of debts, Defendant, directly or indirectly, through the means described in Paragraph 13, has used false representations or deceptive means to collect or attempt to collect debts or to obtain information about consumers.

33.     Defendant's representations as set forth in Paragraph 32 constitute false representations or deceptive means in violation of Section 807(10) of the FDCPA, 15 U.S.C. § 1692e(10).  Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a), the acts and practices alleged in Paragraph 32 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT IV

Unfair or Unconscionable Means to Collect a Debt

34.     Section 808(1) of the FDCPA proscribes a debt collector from collecting any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

35.     In numerous instances, in connection with the collection of debts, Defendant, directly or indirectly, through the means described in Paragraph 14, has collected amounts that are not expressly authorized by the agreement creating the debt or permitted by law.

36. The acts and practices alleged in Paragraph 35 constitute unfair or unconscionable means to collect or attempt to collect debts, in violation of Section 808(1) of the FDCPA, U.S.C. § 1692f(1). Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a), the acts and practices alleged in Paragraph 35 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT V

### Unlawful Location Communications-Multiple Communications

37. Section 804 of the FDCPA, 15 U.S.C. § 1692b, governs the manner in which debt collectors may communicate with any person other than the consumer for purposes of acquiring location information about the consumer. Section 804(3) specifically prohibits debt collectors from communicating with any person about a consumer more than once unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete information.

38. In numerous instances, through the means described in Paragraph 15, in connection with the collection of debts, Defendant, directly or indirectly, has communicated more than once with persons other than the consumer for the purpose of obtaining location information about the consumer without a reasonable belief that the person's previous denial of knowledge of the consumer or the consumer's location was erroneous or incomplete and that such person now has correct or complete location information.

39. The acts and practices alleged in Paragraph 38 constitute violations of Section

804(3) of the FDCPA, 15 U.S.C. § 1692b(3).   Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a), the acts and practices alleged in Paragraph 38 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## **COUNT VI**

Unlawful Communications- Unusual or Inconvenient Time or Place or Prohibited by Employer

40.     Section 805 of the FDCPA, 15 U.S.C. § 1692c, governs communications in connection with a debt.   Section 805(a)(1) specifically prohibits communications with a consumer in connection with the collection of any debt at a time or place known or which should be known to be inconvenient to the consumer, and Section 805(a)(3) specifically prohibits communications with a consumer at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

41.     In numerous instances, through the means described in Paragraph 16, in connection with the collection of debts, Defendant, directly or indirectly, has communicated with consumers at a time or place that Defendant knows or has reason to know is inconvenient to the consumer.

42.     In numerous instances, through the means described in Paragraph 16, in connection with the collection of debts, Defendant, direct or indirectly, has communicated with consumers at consumers' places of employment even though Defendant knows or has reason to know that consumers' employers prohibit the consumers from receiving such communications.

43.     The acts and practices alleged in Paragraphs 41- 42 constitute violations of Section 805(a) of the FDCPA, 15 U.S.C. § 1692c(a).   Pursuant to Section 814(a) of the

FDCPA, 15 U.S.C.§ 1692*l*(a), the acts and practices alleged in Paragraphs 41- 42 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT VII

### Unlawful Third-Party Communications

44.     Section 805 of the FDCPA, 15 U.S.C.§ 1692c, governs communications in connection with a debt.   Section 805(b) specifically prohibits communications about a debt with any person other than the consumer, a consumer reporting agency, the creditor, or their attorneys except as allowed by Section 804 or with the permission of the consumer, or a court of competent jurisdiction, or as reasonably necessary to effectuate post judgment relief.

45.     In numerous instances, through the means described in Paragraphs 17- 19, in connection with the collection of debts, Defendant, directly or indirectly, has communicated about a debt with persons other than the consumer, a consumer reporting agency, the creditor, or their attorneys without the permission of the consumer, or as otherwise allowed by Section 804.

46.     The acts and practices alleged in Paragraph 45 constitute violations of Section 805(b) of the FDCPA, 15 U.S.C. § 1692c(b).   Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a), the acts and practices alleged in Paragraph 45 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT VIII

### Unlawful Failure to Cease Communications

47.     Section 805 of the FDCPA, 15 U.S.C. § 1692c, governs communications in

connection with a debt. Section 805(c) specifically prohibits communication with a consumer with respect to a debt if the consumer has notified the debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer except to advise the consumer that the debt collector's further efforts are being terminated, to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor, or to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

48. In numerous instances, through the means described in Paragraph 20, in connection with the collection of debts, Defendant, directly or indirectly, has communicated with consumers with respect to a debt after the consumers have notified Defendant in writing that the consumers wish to cease further communication. Such communications are not made to advise the consumer that Defendant's further efforts were being terminated, to notify the consumers that Defendant or creditors may invoke specified remedies which are ordinarily invoked, or to notify the consumers that Defendant or creditors intended to invoke a specific remedy.

49. The acts and practices alleged in Paragraph 48 constitute violations of Section 805(c) of the FDCPA, 15 U.S.C. § 1692c(c). Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a), the acts and practices alleged in Paragraph 48 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT IX

Annoying, Abusive, or Harassing Telephone Calls

50. Section 806 of the FDCPA, 15 U.S.C. § 1692d, prohibits debt collectors from

engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  Section 806(5) specifically prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

51. In numerous instances, through the means described in Paragraph 21, in connection with the collection of debts, Defendant, directly or indirectly, has engaged in conduct the natural consequence of which is to harass, oppress, or abuse persons.

52. In numerous instances, through the means described in Paragraph 21, in connection with the collection of debts, Defendant, directly or indirectly, has caused telephones to ring or engaged persons in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass the persons at the called numbers, and the natural consequence of such calls has been to harass, oppress or abuse persons.

53. The acts and practices alleged in Paragraphs 51- 52 constitute violations of Sections 806 and 806(5) of the FDCPA, 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5).  Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a), the acts and practices alleged in Paragraphs 51- 52 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## **CONSUMER INJURY**

54. Consumers have suffered and will continue to suffer substantial injury as a result of Defendant's violations of the FTC Act and the FDCPA.  In addition, Defendant has been unjustly enriched as a result of its unlawful acts or practices.  Absent injunctive relief by this Court, Defendant is likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

55.  Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC. The Court, in the exercise of its equitable jurisdiction, may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law enforced by the FTC.

## CIVIL PENALTIES FOR VIOLATIONS OF THE FDCPA

56.  Defendant violated the FDCPA as described above, with actual knowledge or knowledge fairly implied on the basis of objective circumstances, as set forth in Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

57.  Each instance within three years of the filing of this Complaint, in which Defendant failed to comply with the FDCPA in one or more of the ways described above, constitutes a separate violation for which Plaintiff seeks monetary civil penalties.

58.  Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a), and Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended, authorizes the Court to award monetary civil penalties of not more than $16,000 for each violation of the FDCPA occurring within three years of the filing of this Complaint.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, pursuant to Sections 5(m) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(m)(1)(A), 53(b), and Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a), and the Court's own equitable powers, requests that the Court:

A.     Award Plaintiff such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief, including but not limited to, temporary and preliminary injunctions;

B.     Enter a permanent injunction to prevent future violations of the FTC Act and the FDCPA by Defendant;

C.     Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendant's violations of the FTC Act and the FDCPA, including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies;

D.     Award Plaintiff monetary civil penalties for each violation of the FDCPA occurring within three (3) years preceding the filing of this Complaint; and

E.     Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

**DATED:** July 8, 2014

| | |
|---|---|
| **OF COUNSEL:** | **FOR PLAINTIFF**<br>**UNITED STATES OF AMERICA:** |
| Sana C. Chriss<br>Robin L. Rock<br>Attorneys<br>Southeast Region<br>Federal Trade Commission<br>225 Peachtree Street, N.W., Suite 500<br>Atlanta, GA 30303<br>Phone: (404) 656-1364 (Chriss)<br>Phone: (404) 656-1368 (Rock)<br>Fax:    (404) 656-1367<br>Email: schriss@ftc.gov (Chriss)<br>Email: rrock@ftc.gov   (Rock) | EDWARD L. STANTON III<br>United States Attorney<br><br>By:   s/Harriett Miller Halmon (TN # 05320)<br>Assistant United States Attorney<br>167 North Main St., 8th Floor<br>Memphis, TN   38103<br>(901) 544-4231<br>harriett.halmon@usdoj.gov<br><br><br>STUART F. DELERY<br>Assistant Attorney General<br>Civil Division<br><br>MICHAEL S. BLUME<br>Director<br><br>ANDREW E. CLARK<br>Assistant Director<br><br>By:   s/James W. Harlow<br>Trial Attorney<br>Consumer Protection Branch<br>U.S. Department of Justice<br>P.O. Box 386<br>Washington, D.C. 20044<br>PHONE: 202-514-6786<br>FAX: 202-514-8742<br>James.W.Harlow@usdoj.gov |