# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

UNITED STATES OF AMERICA,
   Plaintiff,

      v.

REGIONAL ADJUSTMENT BUREAU, INC.,
a corporation;

  Defendant.

No. 2:14-cv-02522-JPM-tmp

## STIPULATED ORDER FOR PERMANENT INJUNCTION
## AND CIVIL PENALTY JUDGMENT

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Civil Penalties, Injunctive Relief, and Other Relief ("Complaint"), for civil penalties and other equitable relief in this matter, pursuant to Section 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §56(a)(1). Defendant has waived service of the summons and the Complaint. Plaintiff and Defendant stipulate to the entry of this Stipulated Order for Permanent Injunction and Civil Penalty Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1.     This Court has jurisdiction over this matter.

2.      The Complaint charges that Defendant participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and in violation of Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 – 1692e, in the collection of debt.

3.      Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

4.      Defendant waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney fees.

5.      Defendant and Plaintiff waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

1.      **"Debt,"** for purposes of this Order, means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

2.      **"Debtor,"** for purposes of this Order, means any person obligated or allegedly obligated to pay any debt, as well as that person's spouse, parent (if the debtor is a minor), guardian, executor, or administrator.

3.      **"Defendant"** means Regional Adjustment Bureau, Inc., and its successors and assigns.

4.      **"Investigation,"** for purposes of this Order, means objectively evaluating the circumstances and considering information, including an assessment of the relevance, reliability, accuracy, integrity, and completeness of such information, to determine whether a

person owes a debt in the amount asserted by Defendant while collecting on debt. The information Defendant shall assess in an Investigation shall include but not be limited to:

(A)     any applicable information that Defendant received from the credit originator or the creditor to whom the debt is owed, such as: (i) the debtor's credit application; (ii) the credit contract between the debtor and the credit originator, (iii) documents with the current or former name, address, and telephone phone number of the debtor, (iv) documents with the debtor's account number, in whole or in part, and account statements, (v) documents showing the payment history of the account, (vi) documents with the date and outstanding balance at charge-off, and (vii) collector's notes;

(B)     any applicable information that Defendant received from data aggregators, data brokers, consumer reporting agencies, skip tracers, and other third-parties, such as: (i) documents with the current or former name, address, and telephone number of the debtor, (ii) documents with consumer report information, including credit scores and updates to the information in credit reports, and (iii) the scoring of the debt through the use of a predictive model;

(C)     any applicable information that Defendant created or maintained in collecting on the debt, such as collectors' notes or payment history; and

(D)     any applicable information Defendant received from the person denying, disputing, or challenging the claim that the person owes the debt or the amount of the debt, such as: (i) documents with the person's current

or former name, address, and telephone number, (ii) receipts or other evidence of payment from the credit originator, the creditor to whom the debt is owed, or a debt collector, (iii) canceled checks, bank account statements, credit card statements, and other documents evidencing payment, and (iv) a consumer report relevant to the disputed item.

## ORDER

### I.    CIVIL PENALTY

**WHEREAS,** Defendant's attorneys the law firm of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, has represented to the Court and the United States that it is designated as the escrow agent to receive and has received into its client trust account Five Hundred Thousand Dollars ($500,000) from Defendant and One Million Dollars ($1,000,000) from former RAB shareholders, for a total sum of One Million Five Hundred Thousand Dollars ($1,500,000), for the sole purpose of making payment to the Treasurer of the United States after entry of this Order by the Court in resolution of the issues joined in this case, pursuant to Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), **IT IS ORDERED** that:

A.      Within seven (7) days of receipt of notice of the entry of this Order, Defendant's attorneys shall transfer the civil penalty payment of One Million Five Hundred Thousand Dollars ($1,500,000) in the form of an electronic fund transfer through FedWire payable to the Treasurer of the United States.  Written confirmation of the fund transfer shall be delivered in accordance with procedures specified by a representative of Plaintiff.

B.      In the event of any default in payment, which default continues for ten (10) days beyond the due date of payment, the entire unpaid amount, together with interest, as computed

pursuant to 28 U.S.C. § 1961 from the date of default to the date of payment shall immediately become due and payable.

C.    Defendant relinquishes all dominion, control, and title to the funds paid to the fullest extent permitted by law.  Defendant shall make no claim to or demand for the return of the funds, directly or indirectly, through counsel or otherwise.

D.    Defendant agrees the facts as alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation filed by or on behalf of the Commission, to enforce its rights to any payment or monetary judgment pursuant to this Order.

E.    Defendant acknowledges that its Taxpayer Identification Number (Employer Identification Number) may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

## II.    INJUNCTION AGAINST UNLAWFUL COLLECTION PRACTICES

**IT IS FURTHER ORDERED** that Defendant, Defendant's officers, agents, servants, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with collecting on debt, are permanently restrained and enjoined from:

A.    Using any false, deceptive, or misleading representation or means in connection with the collection of any debt, including but not limited to falsely representing, directly or indirectly, expressly or by implication, that the persons owe debts that they do not owe.

B.    Using any unfair or unconscionable means to collect or attempt to collect any debt, in violation of the FTC Act and Section 808 of the FDCPA, 15 U.S.C. § 1692f, including, but not limited to withdrawing funds from consumers' bank accounts without obtaining the consumers' express informed consent for the amounts withdrawn;

C.      Communicating with persons other than the debtor for a purpose other than obtaining location information, including but not limited to, requesting that such person convey messages to the debtor from the collector, unless the debtor has given his or her prior consent directly to the debt collector, or it is authorized by the express permission of a court of competent jurisdiction, or it is reasonably necessary to effectuate a post-judgment judicial remedy, or the person is the debtor's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, unless Defendant has the prior consent of the debtor given directly to Defendant or the express permission of a court of competent jurisdiction, or Defendant can show that such communication is reasonably necessary to effectuate a post-judgment judicial remedy or related to an administrative wage garnishment pursuant to and in compliance with Department of Education regulations;

D.      Communicating more than once with persons other than the debtor for the purpose of obtaining location information about the debtor unless such person requests that the Defendant communicate with him or her again or Defendant has a reasonable belief that the person's denial of knowledge of the debtor or the debtor's location in response to Defendant's first location communication was erroneous or incomplete and the person now has correct or complete location information;

E.      Engaging in conduct the natural consequence of which is to harass, oppress, or abuse a person, including, but not limited to, causing a telephone to ring, or engaging a person in telephone conversation, repeatedly or continuously with the intent to annoy, abuse, or harass the person at the called number. ***Provided that,*** for purposes of this provision (Section II.E), there shall exist a rebuttable presumption of intent to annoy, harass, or abuse if Defendant places more

than one call to any person about a debt after that person has notified Defendant either orally or in writing that the person refuses to pay such debt or that the person wishes Defendant to cease further communication with the person;

F.      Communicating with a person in connection with the collection of any debt at a time or place known or which should be known to be inconvenient to the person including, but not limited to communicating with a person at the person's place of employment, if Defendant knows or has reason to know that the person's employer prohibits the person from receiving such communication;

G.      Communicating with a debtor with respect to a debt if the debtor has notified Defendant in writing that the debtor refuses to pay a debt or that the debtor wishes Defendant to cease further communication with the debtor, unless the further communication is: (a) to advise the debtor that Defendant's further efforts are being terminated; (b) to notify the debtor that Defendant or the creditor may invoke specified remedies which are ordinarily invoked by Defendant or the creditor; or (c) to notify the debtor that Defendant or the creditor intend to invoke a specified remedy; and

H.      Violating any provision of the Fair Debt Collection Practices Act, 15 U.S.C.§1692-1692p, including, but not limited to: (1) Section 807, 15 U.S.C. § 1692e; (2) Section 808, 15 U.S.C. § 1692f; (3) Section 804(3), 15 U.S.C. § 1692b(3); (4) Section 805(a), 15 U.S.C. § 1692c(a); (5) Section 805(b), 15 U.S.C. § 1692c(b); (6) Section 805(c), 15 U.S.C. § 1692c(c); and (7) Section 806(5), 15 U.S.C. § 1692d(5).

## III.   INJUNCTION AGAINST UNSUBSTANTIATED CLAIMS

**IT IS FURTHER ORDERED** that Defendant, Defendant's officers, agents, servants, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the

collecting on debt, are permanently restrained and enjoined from:

      A.     Making any representation, expressly or by implication, that a person owes a debt or as to the amount of a debt, unless, at the time of making the representation, Defendant can substantiate such a representation; and

      B.     Failing, after a person denies, disputes, or challenges Defendant's claim that the person owes the debt or owes the debt in the amount asserted, to:

     (1)    Within fourteen (14) days after the denial, dispute, or challenge, or when the debt is next reported to a consumer reporting agency, if earlier, report the debt as disputed or request deletion of that item from the consumer's credit reporting file by any credit reporting agency to which the debt was reported by Defendant; and

     (2)    Promptly after the denial, dispute, or challenge:

        (a)    Cease collection, and not sell, provide, or transfer the debt to any person or entity other than the creditor to whom the debt is owed; or

        (b)    Commence and complete, within thirty days (30) days after a person denies, disputes, or challenges Defendant's claim that the person owes the debt or that it owes the debt in the amount asserted, an Investigation of the denial, dispute, or challenge, ***provided that*** Defendant shall not be required to investigate any denial, dispute, or challenge more than once unless the person provides to Defendant or Defendant otherwise acquires or obtains information, data, or documentation that was not considered in any

prior investigation.  Defendant shall notify the consumer within five (5) business days if the denial, dispute, or challenge is not investigated under this proviso.

    (i)    If Defendant reasonably concludes after its Investigation that the person does owe the debt, Defendant, within fifteen (15) days of reaching its conclusion, shall provide verification of the debt to the person, inform the person of its conclusion, and provide the basis for it, after which it may continue collection. If the person continues to dispute the debt, nothing in this order supersedes the requirement of § 623(a)(3) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(a)(3), that Defendant convey the dispute when furnishing information on the debt to any consumer reporting agency.

    (ii)    If Defendant reasonably concludes after its Investigation that the person does not owe the debt or the debt cannot be verified, Defendant shall, within fifteen (15) days reaching its conclusion: (a) inform the person of its conclusion and the basis for it; (b) request that each consumer reporting agency to which the debt has been reported delete the debt from the person's credit reporting file; (c) cease collection; and (d) not sell, provide, or transfer the debt to any person or entity other than the creditor to whom the debt is owed.

(iii)    If Defendant reasonably concludes after its Investigation that the person does owe the debt but not in the amount that Defendant asserted, Defendant shall, within fifteen (15) days of reaching its conclusion: (a) inform the person of its conclusion and the basis for it; and (b) provide to each consumer reporting agency to which the debt has been reported any correction to the reported information that is necessary to make the information provided by Defendant accurate.

*Provided that,* if the person initiates contact with Defendant by any means, Defendant may respond to the person prior to the completion of the Investigation.

*Provided further that,* nothing in this Part affects Defendant's obligation to comply with all applicable provisions of the FDCPA and the FCRA.

*Provided further that,* nothing in this Part prohibits Defendant from requiring consumers who deny, dispute, or challenge a debt on the grounds of fraud or identity theft to do so in writing, so long as Defendant clearly and conspicuously discloses these requirements to consumers.

Once Defendant receives an identity theft report, the requirements of § 623(a)(6)(B) of the FCRA, 15 U.S.C. § 1681s-2(a)(6)(B), apply.

## IV.   TELEPHONE MESSAGE REQUIREMENTS TO AVOID THIRD-PARTY DISCLOSURE

**IT IS FURTHER ORDERED** that Defendant, Defendant's officers, agents, servants, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with

collecting on debt, are hereby permanently restrained and enjoined from:

      A.    Leaving recorded messages, such as on the voice mail, answering machine, or messaging service of any person, in which Defendant (1) states both the first or last name of the consumer, and (2) discloses that it is a debt collector, is attempting to collect a debt, or that the debtor owes a debt.  Provided that, Defendant may leave such a message if: (1) the recorded greeting on the messaging system discloses the person's first and last name, and only that person's first and last name, and that first and last name is the same as the person who allegedly owes the debt; or (2) Defendant has already spoken with the person on at least one prior occasion using the telephone number associated with the messaging system. Provided further that, Defendant may not leave such a message under any circumstances if the person has explicitly prohibited Defendant from leaving recorded messages on that phone number.

      B.    Communicating with a person about a debt in an in-bound call in response to a message left in compliance with Part IV.A for the purpose of acquiring location information for the debtor.

## V.    INJUNCTION AGAINST EXCESSIVE TELEPHONE CALLS

**IT IS FURTHER ORDERED** that Defendant, Defendant's officers, agents, servants, and employees and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with collecting on debt, are hereby permanently restrained and enjoined from:

      A.    Contacting any person about a particular account at a telephone number after that person or anyone at that telephone number has informed Defendant, either orally or in writing, that either (a) the debtor that Defendant is trying to contact cannot be reached at that telephone number or (b) the person does not have location information about the debtor Defendant is trying to reach, unless Defendant has a reasonable belief that the person's earlier statements were

erroneous or incomplete, and that such person now has correct or complete location information.

B.      Failing to create and maintain (for at least three (3) years from the date of last contact with the person) records documenting that a person has informed Defendant, either orally or in writing, that the debtor that Defendant is trying to contact cannot be reached at that telephone number or the person does not have location information about the debtor that Defendant is trying to reach.

C.      Failing to create and maintain (for at least three years from the date of last contact with the person) records documenting that Defendant had a reasonable belief that a person's statement that the debtor Defendant is trying to contact cannot be reached at that telephone number, or that the person does not have location information about the debtor, were erroneous, incomplete, or out of date, before calling that telephone number again.

***Provided that,*** for purposes of this subsection V, to have a "reasonable belief" that a person's earlier statements were erroneous or incomplete and that such person now has correct or complete location information, Defendant must have: (1) conducted a thorough review of all applicable records, documents, and database entries for the debtor Defendant is trying to reach to search for any notations that indicate that the debtor cannot be reached at that telephone number or that the person does not have location information about the debtor Defendant is trying to reach; and (2) obtained and considered information or evidence from a new or different source other than the information or evidence previously relied upon by Defendant in attempting to contact the debtor Defendant is trying to reach, and such information or evidence substantiates Defendant's belief that the person's earlier statements were erroneous or incomplete and that such person now has correct or complete location information.

## VI.     TELEPHONE COMMUNICATION COMPLIANCE REQUIREMENTS

**IT IS FURTHER ORDERED** that for a period of six (6) years from the date of entry of

this Order, Defendant is hereby restrained and enjoined from failing to create and maintain tape recordings of all telephone calls between Defendant and anyone it contacts in collecting on debt, provided that Defendant must commence making such recordings no later than three (3) months after the date of this Order and must maintain these recordings for two (2) years after they are made.

## VII.   ATTORNEY REFERRALS

This Order shall not apply to attorney and law firm vendors who Defendant arranges to provide legal representation for its clients.

## VIII.   NOTICE REQUIREMENTS

**IT IS FURTHER ORDERED** that:

A.      For a period of five (5) years from the date of entry of this Order, Defendant, whether acting directly or indirectly, shall make the following disclosure clearly and conspicuously on each written collection communication that is sent to a debtor for the purpose of collecting on past-due debt:

> Federal and state laws prohibit certain methods of debt collection and require that we treat you fairly.  You can stop us from contacting you by writing a letter to us that tells us to stop.  Sending such a letter does not make the debt go away if you owe it.  Once we get the letter, we can't contact you again, except to say there won't be any more contact or to tell you that we plan to take a specific action.

> If you have a complaint about the way we are collecting your debt, please write to our CONTACT CENTER [current physical address], email us at [current email address], visit our website at www.rabinc.com [or applicable corporate website] or call us toll-free at [current phone number] between 9:00 AM and 5:00 PM Central Time, Monday – Friday.

> The Federal Trade Commission enforces the Fair Debt Collection Practices Act. If you have a complaint about the way we are collecting your debt, please contact the FTC online at www.ftc.gov; by phone at 1-877-FTC-HELP; or by mail at 600 Pennsylvania Ave., NW, Washington, DC 20580. If you want information about your rights when you are contacted by a debt collector, please contact the FTC online at www.ftc.gov.

The above disclosure shall be given in the language(s) that appear in such communications sent to consumers.  Defendant shall be responsible for the requirement in Part VIII.A fifteen (15) days after entry of this Order.

B.     Defendant shall be deemed to have complied with the notice requirement of Part VIII.A of this Order if Defendant provide a notice in a specific state, county, or city that (1) is required by the laws or regulations of that jurisdiction, (2) complies with those laws or regulations, and (3) is substantially similar to the notice required in Part VIII.A, above.

C.     Defendant, whether acting directly or indirectly, shall provide a written (electronic or paper) copy of the following notice to all officers, servants, agents, and employees having responsibility with respect to the collection of debts, within fifteen (15) days of the date of entry of this Order, and to each employee hired for a period of five (5) years after that date, no later than the time the employee assumes responsibility with respect to the collection of such debts, and shall secure from each such person, within thirty (30) days of delivery, a signed and dated statement acknowledging that he or she has read the notice.

> Debt collectors must comply with the federal Fair Debt Collection Practices Act, which limits our activities in trying to collect money from consumers.
>
> Section 804 of the Act states that, when contacting someone to acquire location information about the debtor, you may not state that the debtor owes a debt. You also may not contact this person more than once unless the person asks you to or unless you reasonably believe the person's earlier response was wrong or incomplete and that the person now has correct or complete location information to provide to you.
>
> Section 805 of the Act states that, in connection with the collection of a debt, you may not communicate with any person other than the debtor for a purpose other than to obtain location information about the debtor. This means that you may not reveal the existence of a debt to anyone other than (1) the person who allegedly owes the debt or (2) the debtor's spouse, parent (if the debtor is a minor), guardian, executor, or administrator.

Section 805 of the Act also states that you may not communicate with a debtor in connection with the collection of any debt: (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the debtor; or (2) at the debtor's place of employment if the debt collector knows or has reason to know that the employer prohibits the debtor from receiving such communication.

Section 805 of the Act also states that, if a person notifies you in writing that they refuse to pay a debt or that they wish you to cease further communication with them, you shall not communicate further with that person with respect to such debt, except: (1) to advise them that further collection efforts are being terminated; (2) to notify them that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or (3) where applicable, to notify them that the debt collector or creditor intends to invoke a specified remedy.

Section 806 of the Act states that you may not harass, oppress, or abuse any person in connection with the collection of a debt. Among other things, this includes calling someone repeatedly or continuously to annoy, abuse, or harass the person.

Section 807 of the Act prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information about a debtor.

Section 808 of the Act states that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Among other things, debt collectors may not withdraw funds from consumers' bank accounts without obtaining the consumers' express informed consent for the amounts withdrawn.

*Provided that,* for purposes of compliance with Part VIII.C of this Order, the signature required for the employee's statement that he or she has read the notice may be in the form of an electronic signature.

## IX.    ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendant obtain acknowledgments of receipt of this Order:

A.      Defendant, within seven (7) days of entry of this Order, must submit to the

Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For five (5) years after entry of this Order, Defendant must deliver a copy of this Order and FDCPA to: (1) all principals, officers, directors, and LLC managers and members who formulate, direct, or control Defendant's policies and practices relating to debt collection goods or services who participate in collecting or attempting to collect debts; (2) all employees, agents, and representatives who participate in collecting or attempting to collect debts and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within seven (7) days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which Defendant delivered a copy of this Order and the FDCPA, that Defendant must obtain, within thirty (30) days, a signed and dated acknowledgment of receipt of this Order.

## X.      COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendant make timely submissions to the Commission:

A.      One (1) year after entry of this Order Defendant must submit a compliance report, sworn under penalty of perjury. Defendant must:

(1)      identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission and Plaintiff may use to communicate with Defendant;

(2)      identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

(3)      describe the activities of each business, including the goods and services

16

offered, the means of advertising, marketing, and sales;

(4)     describe in detail whether and how Defendant is in compliance with each Section of this Order; and

(5)     provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.     For twenty (20) years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in the following:

(1)     any designated point of contact; or

(2)     the structure of Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.     Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within fourteen (14) days of its filing.

D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement,

Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: United States v. Regional Adjustment Bureau, Inc.

## XI.   RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendant must create certain records for twenty (20) years after entry of the Order, and retain each such record for five (5) years.  Specifically, Defendant for any business that such Defendant is a majority owner or controls directly or indirectly, must create and retain the following records:

A.      Accounting records showing the revenues from all goods or services sold, all costs incurred in generating revenues, and the resulting net profit or loss;

B.      Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.      Consumer files containing the names, addresses, phone numbers, dollar amounts of debt owed, records of collection activity, and amounts collected;

D.      For every consumer complaint, whether received directly or indirectly, or through a third party, records that include:

(1)      Any complaint and the date received, and the nature of the complaint as reflected in any notes, logs, or memoranda, including a description of the conduct alleged; and

(2)      The basis of the complaint, including the names of any debt collectors or supervisors complained about; the nature of any investigation conducted concerning the validity of any complaint; all documents relating to the disposition of the complaint, including records of all contacts with the consumer;

Defendant's response to the complaint and the response date; whether the complaint was resolved; the date of resolution; and any action taken to correct the conduct complained about.

E.     Copies of all scripts and other training materials related to the collection of debts;

F.     All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

G.     A copy of each unique advertisement or other marketing material offering or providing debt collection goods or services.

## XII.   COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendant's compliance with this Order, including any failure to transfer any assets as required by this Order:

A.     Within fourteen (14) days of receipt of a written request from a representative of the Commission or Plaintiff, Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.     For matters concerning this Order, the Commission and Plaintiff are authorized to communicate with Defendant through undersigned counsel. If such counsel no longer represents Defendant, the Commission and Plaintiff are authorized to communicate directly with Defendant unless or until the Commission of Plaintiff is notified that new counsel is representing Defendant. Defendant must permit representatives of the Commission and Plaintiff to interview any employee or other person affiliated with Defendant who has agreed to such an interview.

The person interviewed may have counsel present.

C.      The Commission and Plaintiff may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XIII.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.


**IT IS SO ORDERED**, this 14th day of July, 2014.



/s/ Jon P. McCalla_____
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:**

**UNITED STATES OF AMERICA**

EDWARD L. STANTON III
United States Attorney

By:  s/Harriett Miller Halmon (TN # 05320)
Assistant United States Attorney
167 North Main St., 8th Floor
Memphis, TN  38103
(901) 544-4231
harriett.halmon@usdoj.gov


STUART F. DELERY
Assistant Attorney General
Civil Division

MICHAEL S. BLUME
Director

ANDREW E. CLARK
Assistant Director

By:  s/James W. Harlow (per email consent dated 7/3/2014)
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
PHONE: 202-514-6786
FAX: 202-514-8742
James.W.Harlow@usdoj.gov

**FEDERAL TRADE COMMISSION**

By:  s/ Sana C. Chriss (per email consent dated 7/3/2014)
By:  s/ Robin L. Rock (per email consent dated 7/3/2014)
Attorneys
Federal Trade Commission, Southeast Region
225 Peachtree Street, N.W., Suite 500
Atlanta, GA 30303
404-656-1364 (Chriss)
404-656-1368 (Rock)
404-656-1379 (fax)
schriss@ftc.gov
rrock@ftc.gov


**FOR DEFENDANT:**

By:  s/George T. Lewis (per written consent dated 4/3/2014)
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
165 Madison Avenue
Suite 2000
Memphis, Tennessee  38103
Phone:  901.577.2256
Fax:  901.577.0749
Email:  BLewis@BakerDonelson.com
Counsel for Regional Adjustment Bureau, Inc.


By:  s/Thomas L. Parker (per written consent dated 4/4/2014)
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
First Tennessee Building
165 Madison Avenue, Suite 2000
Memphis, TN  38103
Direct Dial:  901.577.2179
Direct Fax:  901.577.4248
E-mail:  tommyparker@bakerdonelson.com

**DEFENDANT:  Regional Adjustment Bureau, Inc.**

By:  s/J.S. Smith, Jr. (per written consent dated 4/4/2014)
INDIVIDUALLY, AND AS OFFICER
OF REGIONAL ADJUSTMENT BUREAU, INC.